IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY PATRICK AUGUST,

    Plaintiff,

v.                                                                  No. 1:24-cv-00734-KWR-KRS

UNIVERSITY OF NEW MEXICO MEDICAL CENTER,

    Defendant.

### ORDER DENYING MOTION TO APPOINT COUNSEL

Plaintiff, who is proceeding *pro se*, asserts medical malpractice claims arising from Defendant's medical treatment of Plaintiff. *See* Civil Complaint Pursuant to 42 U. S. C. S 1983, Doc. 1, filed July 17, 2024. Plaintiff now asks the Court to appoint counsel on the grounds that Plaintiff "has sought to engage legal counsel for this cause of action. Multiple attorney groups have rejected the representation of [Plaintiff] stating a conflict of interest," and "the complexity of the litigation process." Motion: Appointment of Counsel, Doc. 10, filed August 19, 2024.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented

plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.  Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

The Court denies Plaintiff's motion to appoint counsel.  The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**IT IS ORDERED** that Plaintiff's Motion: Appointment of Counsel, Doc. 10, filed August 19, 2024, is **DENIED.**

_____
**UNITED STATES MAGISTRATE JUDGE**