IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY PATRICK AUGUST,

      Plaintiff,

v.                                                               No. 1:24-cv-00734-KWR-KRS

UNIVERSITY OF NEW MEXICO MEDICAL CENTER,

      Defendant.

## ORDER DENYING MOTION TO SUBSTITUTE WITHOUT PREJUDICE

Plaintiff, who is proceeding *pro se*, asserted medical malpractice claims arising from Defendant's medical treatment of Plaintiff. *See* Civil Complaint Pursuant to 42 U. S. C. § 1983, Doc. 1, filed July 17, 2024. Frank August, Plaintiff's father, filed a Suggestion of Death indicating that Plaintiff died on September 2, 2024. *See* Doc. 18, filed September 10, 2024. Frank August and Plaintiff's brother Peter August seek to be substituted as Plaintiffs in this case pursuant to Rule 25 of the Federal Rules of Civil Procedure. *See* Motion: Substitution of Plaintiffs, Doc. 16, filed September 10, 2024 ("Motion") (also referencing New Mexico (Rule 1-025 NMRA)"). Frank August also requests a hearing on the Motion to substitute. *See* Doc. 17, filed September 10, 2024.

Rule 25 of the Federal Rules of Civil Procedure provides in relevant part: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Rule 25(a) governs procedure for substitution of parties, not survival of claims:

> Whether a claim survives the death of a party is a matter of substantive law and is decided by the law, whether state or federal, that creates the cause of action. The procedure for substitution set out in Rule 25(a) applies to every substitution because of death, even if the claims and their survival are governed by state substantive law.

> Application of the federal procedural rule recognizes that the "federal courts have institutional interests of their own in regulating the substitution of qualified parties even if a cause of action survives the death of the original plaintiff."
>
> **[2] Survival of State Law Claims Is Governed by State Law**
>
> Because survival is governed by the law that creates the cause of action, federal courts must apply state survival statutes or other relevant state law to determine survival of state law claims.
>
> **[3] Survival of Federal Claims Is Governed by Federal Statute or Common Law**
>
> Whether a claim under federal law survives the death of a party is a question of federal law. For statutory claims, this is essentially a question of how to interpret the statute that creates the cause of action.
>
> Federal common law is applied to determine survival if the statute contains no explicit provisions relating to survival and no expression of contrary intent.

6 Moore's Federal Practice – Civil § 25.11 (footnotes omitted).

> Generally, the proper party for substitution is the person who has the legal right and authority to pursue the claims brought by the deceased party or to defend against the claims brought against the deceased party. Whether a person is a proper party is, therefore, a substantive rather than procedural question and is determined according to state law. The party seeking substitution must show that the person to be substituted is a proper representative or successor under applicable state law.

6 Moore's Federal Practice – Civil § 25.12[3] (footnote omitted).  Furthermore, a substituted plaintiff bringing an action as the personal representative of an estate may represent the estate without counsel only if the personal representative is the sole beneficiary of the estate and there are no creditors.  *See Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 211 (5th Cir. 2016) ("A person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors"); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("the sole beneficiary of an estate without creditors may represent the estate pro se"); *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) ("We hold that the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate").

Otherwise, an attorney authorized to practice before this Court must enter an appearance on behalf of the estate.  *See* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court").

The Court denies the Motion to substitute and the request for a hearing without prejudice because the Motion does not cite any legal authority or supporting documentation showing that Plaintiff's claims were not extinguished or that Frank August and Peter August are proper parties for substitution.  *See* D.N.M.LR-Civ. 7.3(a).

**IT IS ORDERED** that:

(i)   The Motion: Substitution of Plaintiffs, Doc. 16, filed September 10, 2024, is **DENIED without prejudice.**

(ii)  Frank August and/or Peter August shall, within 30 days of entry of this Order, either: (a) have an attorney authorized to practice in this Court enter his or her appearance on their behalf as the proper party/ies; or (b) file a motion to substitute that conclusively demonstrates, with supporting documentation and citation to legal authority, that: (1) Plaintiff's claims survived Plaintiff's death; (2) Frank August and/or Peter August are proper parties; and (3) Frank August and/or Peter August may represent Plaintiff's Estate *pro se*.  Failure to timely have an attorney enter an appearance or make such demonstration may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**