IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY PATRICK AUGUST,

    Plaintiff,

v.                                                                                           No. 1:24-cv-00734-KWR-KRS

UNIVERSITY OF NEW MEXICO MEDICAL CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

    Plaintiff, who was proceeding *pro se*, asserted medical malpractice claims arising from Defendant's medical treatment of Plaintiff. *See* Civil Complaint Pursuant to 42 U. S. C. S 1983, Doc. 1, filed July 17, 2024. Frank August, who is Plaintiff's father, filed a Suggestion of Death indicating that Plaintiff died on September 2, 2024. *See* Doc. 18, filed September 10, 2024. Frank August and Plaintiff's brother Peter August sought to be substituted as Plaintiffs in this case pursuant to Rule 25 of the Federal Rules of Civil Procedure. *See* Motion: Substitution of Plaintiffs, Doc. 16, filed September 10, 2024 ("Motion").

    United States Magistrate Judge Kevin R. Sweazea denied the Motion to substitute without prejudice after notifying Frank August and Peter August of the relevant law regarding: (i) substitution of proper party after a party dies; (ii) survival of the deceased party's claims; and (iii) representation of an estate without counsel. *See* Order Denying Motion to Substitute Without Prejudice at 1-3, Doc. 19, filed September 16, 2024 ("Order"). Judge Sweazea notified Frank August and Peter August that:

> a substituted plaintiff bringing an action as the personal representative of an estate may represent the estate without counsel only if the personal representative is the sole beneficiary of the estate and there are no creditors. *See Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 211 (5th Cir. 2016) ("A person with capacity

under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors"); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("the sole beneficiary of an estate without creditors may represent the estate pro se"); *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) ("We hold that the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate"). Otherwise, an attorney authorized to practice before this Court must enter an appearance on behalf of the estate. *See* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court").

Order at 2-3. Judge Sweazea ordered that:

Frank August and/or Peter August shall, within 30 days of entry of this Order, either: (a) have an attorney authorized to practice in this Court enter his or her appearance on their behalf as the proper party/ies; or (b) file a motion to substitute that conclusively demonstrates, with supporting documentation and citation to legal authority, that: (1) Plaintiff's claims survived Plaintiff's death; (2) Frank August and/or Peter August are proper parties; and (3) Frank August and/or Peter August may represent Plaintiff's Estate *pro se*. Failure to timely have an attorney enter an appearance or make such demonstration may result in dismissal of this case.

Order at 3.

**Frank August's Motion to Withdraw Complaint**

Frank August filed a Motion stating:

I, Frank August, as father of the deceased Timothy August, now petition[s] this Court for the withdrawal of Timothy August's original complaint . . . Frank and Peter August will pursue a Wrongful Death Cause of Action as the original circumstances and their outcomes have changed requiring updated Complaint charges and requiring establishment of a sole personal representative/Plaintiff identity that will need to be put to record in a manner appropriate with the then current to be filed cause of action in compliance with Wrongful Death Statute Criteria.

Motion for Withdrawal of Original Complaint at 1-2, Doc. 21, filed November 25, 2024.

The Court denies Frank August's Motion to withdraw the Complaint because Frank August is not a party in this case. *See Plain v. Murphy Family Farms*, 296 F.3d 975, 980 (10th Cir. 2002) ("Those seeking to participate in the underlying resolution of the merits of a lawsuit must make "timely application" to intervene under Fed. R. Civ. P. 24").

2

    Frank August also:

> petition[s] the Court [for] assignment of a New Mexico based personal representative independent of the Probate personal representative for the exclusive purpose of bring to Court this Medical Malpractice / Wrongful Death Action in New Mexico, it's correct place of original jurisdiction. . . I seek to be named Court Appointed Personal Representative specifically for the filings and execution of the before mentioned Wrongful Death Cause of Action under the Case law supplied and cited below said personal representative assignment independent of the soon to be enacted Probate Estate proceedings and Estate personal representative in Bergen County, New Jersey . . .

Motion at 6. Frank August states Plaintiff passed without a will in New Jersey where he was temporarily living while receiving medical care, Plaintiff's assets will be probated in New Jersey, Plaintiff's mother will be the personal representative of the probate proceeding and Plaintiff's mother is aware of this case and "renounces her involvements within the Court actions." Motion at 4. Frank August also states Plaintiff's brother Peter August "is aware of these filings and is actively involved within the Court actions." Motion at 4.

    Even though he is not the personal representative in the probate proceeding in New Jersey, New Mexico law allows Frank August to be appointed personal representative in the wrongful death case he intends to bring. *See Lopez v. Presbyterian Healthcare Services*, 2024-NMCA-055, ¶ 1, n.1 ("A [personal representative] under the [Wrongful Death Act] and a [personal representative] appointed as part of a probate proceeding are separate and encompass different responsibilities . . . separate appointment under the [Wrongful Death Act] is required").

    However, Frank August is not the sole beneficiary of Plaintiff's estate, has not shown that the estate has no creditors and does not have counsel. Judge Sweazea explained when a party may represent an estate without counsel and ordered Frank August and/or Peter August to either have an attorney enter an appearance on their behalf or file a motion that conclusively demonstrates, with supporting documentation and citation to legal authority, that Frank August and/or Peter

3

August may represent Plaintiff's estate without counsel. *See* Order at 2-3. Frank August does not have counsel and has not shown that he can represent the estate without counsel. Consequently, Frank August cannot, at this time, represent the estate. The Court denies Frank August's petition to be appointed personal representative without prejudice.

Frank August also asks for Plaintiff's brother "Peter August to remain involved in this litigation although not named as Plaintiff in compliance with New Mexico Statute Law." Motion at 6. Peter August may be a beneficiary but may not bring claims pursuant to the Wrongful Death Act. *See Spoon v. Mata*, 2014-NMCA-115, ¶ 27-28 (concluding "that the structure and purpose of the Wrongful Death Act militates against recognizing a right by statutory beneficiaries to prosecute the claim on their own behalf. As this court recently stated, the personal representative "remains distinct from the beneficiaries as the party who must bring the wrongful death action and as the only party to the action pursuing the claims for damages that result from the injuries;" "Statutory beneficiaries are generally not permitted to join as parties in a wrongful death lawsuit because the personal representative is the beneficiary's trustee").

**Plaintiff's Motion for Summary Judgment**

Two weeks before his death, Plaintiff filed a Motion for Summary Judgment stating that a summons and Complaint was mailed to Kathleen Becker, Chief Executive Officer of Defendant UNM Medical Center and Defendant has failed to timely file an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure. *See* Doc. 11, filed August 19, 2024. The Court construes Plaintiff's Motion for Summary Judgment as a motion for default judgment because the Motion asserts Defendant defaulted by failing to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default"). The Motion does not set out a statement of the material facts as to which Plaintiff contends no genuine issue exists. *See* D.N.M.LR-Civ. 56(b) (a motion for summary judgment "must set out a concise statement of all of the material facts as to which movant contends no genuine issue exists").

> [D]efault judgments are not automatic once a defendant has defaulted. *See Bixler v. Foster,* 596 F.3d 751, 762 (10th Cir. 2010) ("Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (internal quotation marks omitted)). Thus, in determining whether to enter a default judgment, the district court could have conducted a hearing to establish the truth of [Plaintiff's] allegations. Fed. R. Civ. P. 55(b)(2)(C).

*Shell v. Henderson*, 622 Fed.Appx. 730, 733-34 (10th Cir. 2015).

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

The Court denies Plaintiff's Motion for default judgment because, due to Plaintiff's death and the lack of a personal representative of Plaintiff's estate, the Court cannot conduct a hearing to establish the truth of the allegations in the Complaint.

**Dismissal of this Case**

> Rule 25 of the Federal Rules of Civil Procedure provides:
>
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. civ. P. 4(a). Frank August filed a Suggestion of Death of Plaintiff on September 10, 2024. *See* Doc. 18. More than 90 days have passed since Frank August filed the suggestion of Plaintiff's death. Because the Court is denying Frank August's motion to be appointed personal

representative of Plaintiff's estate and because no other motion for substitution has been made, the Court must dismiss this case. *See* Fed. R. Civ. P. 25(a) (if a motion to substitute "is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed") (emphasis added). Because the Court is denying Frank August's request to be appointed personal representative without prejudice and dismissing this case without prejudice, Frank August is not barred from bringing a separate wrongful death action if he is appointed personal representative under the Wrongful Death Act.

**IT IS ORDERED** that:

(i)   Frank August's Motion for Withdrawal of Original Complaint, Doc. 21, filed November 25, 2024, is **DENIED.**

(ii)  Plaintiff's Motion: Petition for Summary Judgement, Doc. 11, filed August 19, 2024, is **DENIED.**

(ii)  This case is **DISMISSED without prejudice.**

                                        /S/ KEA W. RIGGS
                                      **UNITED STATES DISTRICT JUDGE**